**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

_____ District of **Delaware**_____
(State)

Case number (*If known*): _____ Chapter _7___

☐ Check if this is an amended filing

## Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy    04/25

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | Wren US Holdings, Inc. |

| | | |
|---|---|---|
| 2. | **All other names debtor used in the last 8 years** <br><br> Include any assumed names, trade names, and *doing business as* names | Wren Kitchens |

| | | |
|---|---|---|
| 3. | **Debtor's federal Employer Identification Number** (EIN) | 8 4 – 2 6 4 2 6 7 6 |

4. **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| 8 Sound Shore Drive | The Nest, Falkland Way, DN18 5RL |
| Number        Street | Number        Street |
| | |
| Greenwich        CT        06830 | P.O. Box |
| City        State        ZIP Code | Barton-upon-Humber, United Kingdom |
| | City        State        ZIP Code |
| Fairfield County | **Location of principal assets, if different from principal place of business** |
| County | |
| | Number        Street |
| | |
| | City        State        ZIP Code |

| | | |
|---|---|---|
| 5. | **Debtor's website** (URL) | https://www.wrenkitchens.com/us/ |

Debtor  **Wren US Holdings, Inc.**
Name

Case number (*if known*)_____

| 6. | **Type of debtor** | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) |
|---|---|---|
| | | ☐ Partnership (excluding LLP) |
| | | ☐ Other. Specify: _____ |

| 7. | **Describe debtor's business** | A. *Check one:* |
|---|---|---|

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

3  3  7  1

| 8. | **Under which chapter of the Bankruptcy Code is the debtor filing?** | *Check one:* |
|---|---|---|

☒ Chapter 7

☐ Chapter 9

☐ Chapter 11. *Check **all** that apply*:

☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,424,000 (amount subject to adjustment on 4/01/28 and every 3 years after that).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

| 9. | **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?** | ☒ No |
|---|---|---|
| | If more than 2 cases, attach a separate list. | ☐ Yes. District _____ When _____ Case number _____ |
| | | MM / DD / YYYY |
| | | District _____ When _____ Case number _____ |
| | | MM / DD / YYYY |

Debtor    Wren US Holdings, Inc.
          Name

Case number *(if known)*_____

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No

☒ Yes.   Debtor    See Schedule 1 Attached Hereto    Relationship _____

District _____    When _____
                                        MM / DD / YYYY

Case number, if known _____

**11. Why is the case filed in *this district*?**

*Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?**_____
                            Number        Street

_____

_____          ____ _____
City                                            State ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

Contact name _____

Phone _____

---

**Statistical and administrative information**

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

☒ 1-49
☐ 50-99
☐ 100-199
☐ 200-999

☐ 1,000-5,000
☐ 5,001-10,000
☐ 10,001-25,000

☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

---

Debtor __Wren US Holdings, Inc._____
Name

Case number (*if known*)_____

| | | |
|---|---|---|
| **15. Estimated assets** | ☐ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | ☐ $1,000,001-$10 million<br>☐ $10,000,001-$50 million<br>☐ $50,000,001-$100 million<br>☒ $100,000,001-$500 million |

☐ $500,000,001-$1 billion
☐ $1,000,000,001-$10 billion
☐ $10,000,000,001-$50 billion
☐ More than $50 billion

| | | |
|---|---|---|
| **16. Estimated liabilities** | ☐ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | ☐ $1,000,001-$10 million<br>☐ $10,000,001-$50 million<br>☐ $50,000,001-$100 million<br>☒ $100,000,001-$500 million |

☐ $500,000,001-$1 billion
☐ $1,000,000,001-$10 billion
☐ $10,000,000,001-$50 billion
☐ More than $50 billion

## Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __04/24/2026__
MM / DD / YYYY

✖ __/s/ Craig Bishop_____
Signature of authorized representative of debtor

__Craig Bishop_____
Printed name

Title __Authorized Person_____

**18. Signature of attorney**

✖ __/s/ Zachary I. Shapiro_____
Signature of attorney for debtor

Date __04/24/2026__
MM / DD / YYYY

__Zachary I. Shapiro_____
Printed name
__Richards, Layton & Finger, P.A._____
Firm name
__920 North King St._____
Number        Street
__Wilmington_____  __DE__  __19801__
City                    State    ZIP Code
__(302) 651-7700_____    __shapiro@rlf.com_____
Contact phone                Email address

__5103_____          __DE_____
Bar number                State

## Schedule 1

## Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the entities listed below (collectively, the "*Debtors*") filed a petition in this court for relief under chapter 7 of title 11 of the United States Code. Each Debtor is listed with the last four digits of its federal tax identification number.

Wren US Holdings, Inc. (2676)

Wren Manufacturing, Inc. (0021)

Wren Retail, Inc. (1884)

Wren Logistics, Inc. (2433)

Wren New York, Inc. (0884)

Wren New Jersey, Inc. (5706)

Wren Connecticut, Inc. (7694)

Wren Pennsylvania, Inc. (9696)

Wren Kitchen Studios, Inc. (7230)

RLF1 35569091v.2

**UNANIMOUS WRITTEN CONSENT
OF THE BOARD OF DIRECTORS
OF
WREN US HOLDINGS, INC.**

**April 24, 2026**

Pursuant to Section 141(f) of the General Corporation Law of the State of Delaware, the undersigned, constituting all the members of the Board of Directors (the "***Board***") of Wren US Holdings, Inc., a Delaware corporation (the "***Corporation***"), hereby consent to and adopt, as of the date indicated above, the following resolutions:

WHEREAS, the Board has regularly and carefully reviewed the materials and other information presented by the Corporation's management and advisors regarding the Corporation's business conditions, the Corporation's operations, its current and projected financial position, and other relevant information;

WHEREAS, the Board has thoroughly evaluated the Corporation's strategic alternatives; and

WHEREAS, the Board has conferred extensively with the Corporation's management and advisors regarding these matters and determined that the filing of a voluntary petition for relief under chapter 7 of title 11 of the United States Code (the "***Bankruptcy Code***") is in the best interests of the Corporation and its stakeholders.

NOW, THEREFORE, BE IT:

RESOLVED, that the Corporation shall be, and it hereby is, contemporaneously herewith, authorized to file a voluntary petition (the "***Petition***") for relief under chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "***Bankruptcy Court***") and perform any and all such acts as are reasonable, advisable, expedient, convenient, proper or necessary to effect any of the foregoing;

FURTHER RESOLVED, that Craig Bishop and each officer of the Corporation (each, an "***Authorized Person***") shall be, and each of them, acting alone, hereby is, authorized and empowered on behalf of, and in the name of, the Corporation, to: (a) execute, acknowledge, deliver and verify the Petition and all other ancillary documents, and cause the Petition to be filed with the Bankruptcy Court and make or cause to be made prior to execution thereof any modifications to the Petition or ancillary documents as any such Authorized Person, in such person's discretion, deems necessary or desirable to carry out the intent and accomplish the purposes of these resolutions; (b) execute, acknowledge, deliver, verify and file or cause to be filed all petitions, schedules, statements, lists, motions, applications and other papers or documents necessary or desirable in connection with the foregoing; and (c) execute, acknowledge, deliver and verify any and all other documents necessary or appropriate in connection therewith or to administer the Corporation's chapter 7 case in such form or forms as any such Authorized Person may approve;

FURTHER RESOLVED, that the actions of any Authorized Person taken pursuant to the preceding resolution, including the execution, acknowledgment, delivery and verification of the Petition and all ancillary documents and all other agreements, certificates, instruments, notices and other documents, shall be conclusive evidence of such Authorized Person's approval and the necessity or desirability thereof;

FURTHER RESOLVED, that, in addition to the specific authorizations heretofore conferred upon the Authorized Persons, each of them or their designees shall be, and each of them, acting alone, hereby is, authorized and empowered, in the name of, and on behalf of, the Corporation to take or cause to be taken any and all such further actions, to execute and deliver any and all such agreements, certificates, instruments, amendments and other documents and to pay all expenses, including filing fees, in each case as in such Authorized Person's or Authorized Persons' judgment shall be necessary or desirable in order fully to carry out the intent and accomplish the purposes of the resolutions adopted herein;

FURTHER RESOLVED, that any and all actions heretofore or hereafter taken by the Authorized Persons, or any Authorized Person, within the foregoing resolutions, be and each of them is hereby, adopted, ratified, confirmed and approved in all respects; and

FURTHER RESOLVED, that this Unanimous Written Consent may be executed by electronic signature and electronic transmission, including via DocuSign or other method.

[*Signature page follows*]

IN WITNESS WHEREOF, the undersigned members of the Board have executed this Unanimous Written Consent as of the date first written above.

| | |
|---|---|
| *Malcolm Healey* | *Mark Pullan* |
| Malcolm Healey | Mark Pullan |
| *Jane Oldfield* | *Craig Bishop* |
| Jane Oldfield | Craig Bishop |
| *Alex Grant* | |
| Alex Grant | |

*[Signature page for Wren US Holdings, Inc.]*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 7 |
| Wren US Holdings, Inc., | Case No. 26-_____ (____) |
| Debtor. | |

## CORPORATE OWNERSHIP STATEMENT

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following is the parent corporation or publicly held corporation that owns 10% or more of the Debtor's stock:

Wren US Holdings Limited owns 100% of the equity interests of Wren US Holdings, Inc.

**Fill in this information to identify the case and this filing:**

Debtor Name  Wren US Holdings, Inc.

United States Bankruptcy Court for the: _____  District of  Delaware
(State)

Case number (*If known*): _____

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

❑ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

❑ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

❑ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

❑ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

❑ *Schedule H: Codebtors* (Official Form 206H)

❑ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

❑ Amended *Schedule* _____

❑ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☒ Other document that requires a declaration  Corporate Ownership Statement_____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  04/24/2026           ✗  /s/ Craig Bishop_____
MM / DD / YYYY                        Signature of individual signing on behalf of debtor

                                     Craig Bishop_____
                                     Printed name

                                     Authorized Person_____
                                     Position or relationship to debtor

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 7 |
| Wren US Holdings, Inc., *et al.*, | Case No. 26-_____ (____) |
| Debtors. | |

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR

1. Pursuant to 11 U.S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that Richards, Layton & Finger, P.A. ("***RL&F***"), is counsel to Wren US Holdings, Inc. and its affiliated debtors (collectively, the "***Debtors***"), and that total compensation paid to RL&F within one year before the filing of the petitions in bankruptcy, or agreed to be paid to RL&F, for services rendered or to be rendered on behalf of the Debtors in the aggregate is as follows:

   For legal services, RL&F has agreed to accept ........................................................... **$125,000.00**

   Prior to the filing of this statement RL&F has received ............................................. **$125,000.00**

   Balance Due ................................................................................................................ **$0.00**

2. The source of the compensation paid to RL&F was:

   ☒ Debtors          ☐ Other

3. The source of compensation to be paid to RL&F is:

   ☒ Debtors          ☐ Other          ☐ N/A

4. RL&F has not agreed to share the above-disclosed compensation with any other person unless they are members and associates of RL&F.

5. In return for the above-disclosed fee, RL&F has agreed to render legal service for only the following aspects of these chapter 7 cases:

   a. Analysis of the Debtors' financial situation and rendering related advice to the Debtors, including, among other things, determining whether to file for relief under the Bankruptcy Code;

   b. Preparation and filing of the chapter 7 petitions, schedules of assets and liabilities, statements of financial affairs and related documents for the Debtors; and

   c. Representation of the Debtors at the meeting of creditors and any adjourned meetings thereof.

6. By agreement with the Debtors, the above-disclosed fee does not include the following services:

   As of the date hereof, RL&F has agreed to represent the Debtors only in connection with the matters referenced above.

RLF1 35569446V.3

**CERTIFICATION**

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to RL&F for representation of the Debtors in these chapter 7 cases.

April 24, 2026
*Date*

By: */s/ Zachary I. Shapiro*
Zachary I. Shapiro (No. 5103)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701

RLF1 35569446V.3