**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 7 |
| Wren US Holdings, Inc., *et al*., | Case No. 26-10581 (KBO) |
| Debtors.[1] | (Jointly Administered) |
| | **Re Docket No. 28** |

**OMNIBUS ORDER PURSUANT TO SECTIONS 105, 365, AND 554 OF THE
BANKRUPTCY CODE AND BANKRUPTCY RULES 6006 AND 6007 AUTHORIZING
(I) REJECTION OF CERTAIN NON-RESIDENTIAL REAL PROPERTY LEASES,
EFFECTIVE AS OF PETITION DATE AND (II) ABANDONMENT OF PERSONAL
PROPERTY**

Upon the Motion (the "Motion")[2] of David W. Carickhoff, as chapter 7 trustee (the "Trustee") for the jointly administered estates of the above-captioned debtors (the "Debtors"), seeking entry of an order authorizing the Trustee to (i) reject the leases listed on Exhibit 1 hereto (the "Rejected Leases"), and (ii) abandon any remaining personal property except vehicles (the "Abandoned Property")[3] located at the premises subject to the Rejected Leases (the "Rejected Lease Premises"); the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b), (c) notice of the Motion was sufficient under the circumstances and that no other or further notice need be provided; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and the Court having determined that the relief

---

[1] The debtors in these cases, along with the last four digits of the federal tax identification number for each of the debtors, where applicable are: Wren US Holdings, Inc. (2676); Wren Manufacturing, Inc. (0021); Wren Retail, Inc. (1884); Wren Logistics, Inc. (2433); Wren Kitchens New York, Inc. (0884); Wren New Jersey, Inc. (5706); Wren Connecticut, Inc. (7694); Wren Pennsylvania, Inc. (9696); Wren Kitchen Studios, Inc. (7230)

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

[3] For the avoidance of doubt, Abandoned Property does not include any Debtor owned vehicles. The Trustee is in the process of collecting them and moving them to a central location.

sought in the Motion is in the best interest of the Debtors and the estates; and after due deliberation and sufficient cause appearing therefore,

IT IS HEREBY ORDERED THAT:

1.     The Motion is GRANTED as set forth herein.

2.     The Rejected Leases[4] are hereby deemed rejected as of the Petition Date and the respective landlords in the Rejected Leases (the "Landlords") are immediately free to market and re-let the Rejected Lease Premises.  The automatic stay under 11 U.S. Code § 362 and any other applicable stay are modified to the extent necessary to permit Landlords to: (i) regain possession of the Rejected Lease Premises, and (ii) in their discretion, to terminate the Rejected Leases.

3.     The estates' interest in all Abandoned Property at the Rejected Lease Premises shall be deemed abandoned, effective as of the date of entry of this Order.

4.     The applicable Landlord of any Rejected Lease Premises containing Abandoned Property is authorized, in its sole discretion and without further notice, to remove, sell, use, or otherwise dispose of such Abandoned Property without recourse or liability to the Debtors, any secured lender to any Debtor and any party receiving notice of the Motion, who have consented to abandonment, and any such disposal shall be deemed free and clear of all liens, claims, and encumbrances. For the avoidance of doubt, the Debtors' secured lender, Wren US Holdings, Ltd., has received notice of the Motion and consented to the release of any of its liens, claims and encumbrances in any Abandoned Property.

5.     The automatic stay under 11 U.S. Code § 362 and any other applicable stay are modified to the extent necessary to permit the actions authorized in this Order with respect to Abandoned Property.

---

[4] Each Rejected Lease included on Exhibit 1 hereto shall be interpreted to include including all exhibits, schedules, modifications, amendments, supplements and/or addenda thereto.

6.      The Trustee is authorized and empowered to take all actions necessary to implement the relief granted in this Order.

7.      Notwithstanding the possible applicability of Bankruptcy Rules 6004(a) and 6004(h) or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry, and the requirements of Bankruptcy Rules 6004(a) and 6004(h) are waived.

8.      This Court shall retain jurisdiction over any and all matters arising from the interpretation or implementation of this Order.

**Dated: May 26th, 2026**
**Wilmington, Delaware**

**KAREN B. OWENS**
**CHIEF JUDGE**